Filed 10/1/24  P. v. Younkin CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F087434 |
| Plaintiff and Respondent, | (Super. Ct. No. RF009298A) |
| v. | |
| TRAVIS JARED YOUNKIN, | OPINION |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Kenneth G. Pritchard, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Barton Bowers, Deputy Attorneys General for Plaintiff and Respondent.

-ooOoo-

---

*        Before Hill, P. J., Detjen, J. and Franson, J.

Defendant Travis Jared Younkin appeals from errors in the criminal protective order issued at sentencing by the trial court. We affirm the judgment but order the trial court to correct the protective order.

## PROCEDURAL BACKGROUND

The District Attorney of Kern County filed a complaint charging defendant with child endangerment (Pen. Code,[1] § 273a, subd. (a); count 1), vandalism (§ 594, subd. (b)(1); count 2), misdemeanor driving under the influence of alcohol (Veh. Code, § 23152, subd. (a); count 3), misdemeanor driving with 0.08 percent or higher blood alcohol content (Veh. Code, § 23152, subd. (b); count 4), misdemeanor driving under the influence of a drug (Veh. Code, § 23152, subd. (f); count 5), misdemeanor driving under the influence of alcohol and a drug (Veh. Code, § 23152, subd. (g); count 6), misdemeanor disobeying a domestic relations court order (§ 273.6, subd. (a); counts 7–9), and misdemeanor possession of a controlled substance (Health & Saf. Code, § 11350; count 10). The complaint further alleged that defendant had a blood alcohol content of 0.15 percent or more (Veh. Code, § 23578) as to counts 3, 4, and 6 and a conviction for violating Vehicle Code section 23152 within 10 years (Veh. Code, § 23540) as to counts 3, 4, 5, and 6.

Defendant pleaded not guilty and denied the special allegations on September 26, 2023. The trial court also imposed a criminal protective order pending trial pursuant to section 136.2 that would remain in effect until further order of the court and ordered that defendant not dissuade, abuse, or contact the named victims and witnesses and stay 100 yards away from them. The order also advised law enforcement that it was valid until defendant received a county jail or state prison commitment.

On October 10, 2023, pursuant to an agreement with the People, defendant pleaded no contest to counts 1 and 6 through 9. He admitted the special allegations that

---

[1]     Undesignated statutory references are to the Penal Code.

he had a blood alcohol content of 0.15 percent or more (Veh. Code, § 23578), had a prior conviction (Veh. Code, § 23540), and was on probation at the time of the offenses (Cal. Rules of Court, rule 4.421(b)(4)). The court dismissed the remaining charges. Defendant also agreed to the imposition of a no force or violence criminal protective order. The trial court modified the existing criminal protective order and removed all prohibitions except for the order that defendant not abuse the victims and witnesses named therein.

At the sentencing hearing on November 28, 2023, the court suspended imposition of sentence as to count 1, placed defendant on a four-year term of probation, and ordered him to pay restitution and other fines totaling $1,859 as to all counts. The court also suspended sentence and admitted defendant to concurrent probation terms of five years as to count 6 and three years as to each of counts 7 through 9.

In addition, the court ordered defendant not to commit any violence on the victims or harass or threaten them as conditions of his probation. The court issued a written order using Judicial Council form CR-160 ("CRIMINAL PROTECTIVE ORDER— DOMESTIC VIOLENCE") and checked the box that described the order as a "PROBATION CONDITION ORDER (Pen. Code, § 1203.097[, subd. ](a)(2))." (Boldface omitted.) However, the court checked boxes applicable only to section 136.2, subdivision (i): In paragraph 3.a., the court made a finding that defendant targeted or harmed the protected individuals and, in paragraph 4.b., the court set an expiration date of November 28, 2026. The court did not issue an order to terminate the protective order imposed on September 26, 2024, and later modified on October 10, 2023.

Defendant filed a timely notice of appeal on January 8, 2024, accompanied by a certificate of probable cause signed by the trial court.

## DISCUSSION

Defendant argues that the protective order issued on November 28, 2023 fails to indicate its duration and statutory authority. The People respond that the trial court was authorized to issue the protective order pursuant to section 1203.097, defendant agreed to

3.

it, and no further action by this court is necessary. However, for the reasons discussed below, we shall remand for the trial court to correct the November 28, 2023 protective order.

The trial court filed a protective order on November 28, 2023, after it suspended defendant's sentence and admitted him to probation for four years (as to count 1, child endangerment) and three years (as to counts 7–9, disobeying a domestic relations court order).[2] The court checked the box in the caption of the Judicial Council form CR-160, indicating that it was a modification, and also checked the box "PROBATION CONDITION ORDER (Pen. Code, 1203.097[, subd. ](a)(2))."[3] (Boldface omitted.) The People are correct that the court has the authority to impose a protective order as a condition of probation pursuant to that section. However, the court then checked the box in paragraph 3.a. and added an expiration date to paragraph 4.b., which are only applicable to post-conviction protective orders pursuant to section 136.2, subdivision (i).

Sections 136.2, subdivision (i) and 1203.097, subdivision (a)(2) have different durations: Section 1203.097, subdivision (a)(2) is limited to the term of probation while section 136.2, subdivision (i) authorizes a term of up to 10 years. Furthermore, the consequences of violation are somewhat different. Both statutes permit the court to punish violations of protective orders as contempt of court pursuant to section 166, subdivision (a) as a misdemeanor punishable by imprisonment in a county jail for not more than one year. However, a violation of a section 136.2 protective order may also be punished for an offense described in section 136.1, which provides for a state prison

---

[2]   Defendant was also admitted to a five-year term of probation as to count 6, driving under the influence, but the protective order was not a condition of that probation.

[3]   Section 1203.097, section (a)(2) provides that in cases involving a person described in Family Code section 6211 (i.e., a child or former spouse of a party), the court shall include a probation term for "[a] criminal court protective order protecting the victim from further acts of violence, threats, stalking, sexual abuse, and harassment …."

sentence of up to four years depending upon the nature of the violation.  (§§ 18, subd. (a), 136.1, subds. (a), (b), (c), 136.2, subd. (b).)

Due to the different requirements of sections 136.2, subdivision (i) and 1203.097, we conclude that the trial court should correct the November 28, 2023 protective order to clarify its statutory authority and, if issued pursuant to section 1203.097, there is no need to indicate an expiration date as it will terminate at the expiration of defendant's four-year probation term ordered as to count 1.[4]

## DISPOSITION

The matter is remanded for the trial court to correct the November 28, 2023 protective order and indicate whether it is issued pursuant to section 136.2, subdivision (i) or section 1203.097 and, if the latter, remove the check in the box for paragraph 3.a. and the expiration date added to paragraph 4.b.  The judgment is otherwise affirmed.

---

[4]     We also note that if the court intended that the November 2023 protective order supersede the September 26, 2024 (& modified Oct. 10, 2023) protective order, page 4 of Judicial Council form CR-160 recommends using Judicial Council form CR-165 to do so in order that law enforcement may cancel it in the California Law Enforcement Telecommunications System.

5.